Per Curiam.

In the construction of policies of insu-ranee, the intent and meaning of the parties are to be regarded, more than the strict and literal sense of the words. They are to be construed largely, for the benefit of the insured, and the advancement of commerce ; and in this construction, the usage of trade on particular voyages ought always to be taken into consideration. In the wording of the policy under consideration, the vessel was to proceed on a voyage from Charleston to the Cape de Vcrd Islands and from thence to the coast of Africa, the ultimate point of destination. But the intent and meaning of all the parties must have been, that this vessel was insured on a voyage to the coast of Africa, with liberty to touch at the Cape de Verd Islands ; and the usage of trade in that part of the world will warrant this construction ; for it is well known, that it is usual and customary for vessels trading to the coast of Africa, and to the southern parts of the eastern world, to call at those islands for water, provisions and refreshments which are not elsewhere, on or near that coast, to be procured, but are there in abundance ; and if there had been no clause in the policy for that purpose, it would have justified the captain in calling there for those supplies if he had wanted them, under the sanction of this usage. The clause in this policy, therefore, only gave in express words, a permission to touch at the Cape de Verds, which the course of trade in that quarter of the world would have warranted without it. Under these circumstances, therefore, it appears to the court, that the true intent and meaning of this policy was, that the vessel should sail on a voyage from Charleston to the coast of Africa, with liberty to touch at those islands, should it be necessary in the course of the voy~ age. If, then, this is the true construction which should be given to this policy, it ought to be regarded as a privilege *224 or indulgence, and not as an obligation ; that is, if the situation of the crew and ship was such in the course of the voyage, as to make it necessary to put in there lor necessaries, the captain was at liberty so lo do ; but if not, then it was his duty to make the best of his way to the end of his voyage., which he did, We are all, therefore, of opinion, there was no deviation from the true course of the voyage, but on the contrary, a direct sailing to her destined port, agreeable to the intent and meaning of the policy, with as little delay as possible.
Let the rule for a new trial be discharged.
Present, Burke, Grimke, Waties and Bay.